**CURTIS, INC., Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. A. No. C–1319.**

United States District Court,
D. Colorado.

March 12, 1970.

Milton C. Garwood, Denver, Colo., Richard A. Peterson, Lincoln, Neb., for plaintiff.

Phillip W. Getts, Interstate Commerce Commission, Washington, D.C., for defendant.

Kenneth P. Weiner, Omaha, Neb., for intervenors.

Before LEWIS, Circuit Judge, and ARRAJ and CHILSON, District Judges.

## MEMORANDUM OPINION

CHILSON, District Judge.

The plaintiff, by this action, seeks to set aside an order of the Interstate Commerce Commission. The case arises out of applications by four frozen-food common carriers for authority to operate in interstate commerce from California to destinations in Arizona, New Mexico and Texas. The requested service is designed to provide shippers of frozen and perishable food products common carriers who can furnish refrigerated, less-than-truck-load, nonscheduled transportation of frequent shipments in small lots.

The applications of the four common carriers: Frozen Food Express (F.F.E.), Zero Refrigerated Lines (Zero), Willis Shaw Frozen Express (Shaw), and Curtis were consolidated for hearing before an Examiner and his report was entered July 19, 1966. In his report, the Examiner found that all four of the applicants were equally qualified to perform the service, but that there existed no public or shipper need for the service and therefore denied the applications. On May 9, 1967, the Commission adopted the Examiner's findings of fact as to the ability of the applicants, but reversed his findings as to the lack of a public need for the service. The Commission ordered that two of the applicants, F.F.E. and Zero, be given certificates of convenience and necessity based upon the fact that they were the only carriers presently possessing existing authority which would complement the proposed service. On December 29, 1967, the Commission reconsidered its earlier opinion and granted similar authority to Shaw, while affirming its previous denial of authority to the plaintiff. In its opinion, the Commission stated that the reason for the reconsideration was the fact that Shaw should have been considered on the same basis as F.F.E. and Zero in regard to its existing authorities since on and after May 1, 1958, it had conducted "grandfather" operations between points in all of the states involved.

Following the December, 1967, opinion, the plaintiff filed a petition with the Commission for reconsideration. This petition was denied on May 3, 1968.

The plaintiff, by its complaint, attacks the validity of these decisions insofar as the Commission denied the plaintiff's application.

The case was heard by a three-judge district court pursuant to 28 U.S.C.A. §§ 2321–2325, and 2284.

Two questions are presented to the Court for its determination. The first is whether the Commission properly applied the correct criteria or standards in choosing between the four applicants. The second is whether the Commission's choice of applicants, on the basis of the criteria used, is supported by substantial evidence. Upon consideration of the record, briefs filed in the case, and the

oral argument of counsel, the Court concludes that the orders of the Interstate Commerce Commission should be affirmed.

The plaintiff and the Government are in agreement as to the proper criteria to be used in the selection of specific carriers among multiple applicants. That criteria is set forth in Riss & Co., Inc., Ext.—Dakota County, Nebr., 102 M.C.C. 336, as follows:

1) The extent to which the applicant's existing authorities and operations duplicate or complement the proposed service;

2) The availability, suitability and amount of applicant's equipment for the proposed service;

3) The location of applicant's terminals and facilities in relation to the area to be served;

4) Which applicants produced evidence that the proposed service was required by the public convenience and necessity.

The Commission has broad discretion in applying these various factors. Therefore, the Commission may exercise this discretion by attaching a particular significance to any one of the relevant factors considered by them in arriving at a decision. The record discloses that the Commission acted within its discretion in making its determination that the plaintiff should be denied authority to perform the proposed service. The rationale of its decision was to grant authority to those carriers who had substantial existing operations similar to those proposed. The Commission felt that such a decision would provide the public and shippers involved with the best service available by complementing the chosen carrier's existing operations with the new services. Such a decision alleviates the granting of similar authority to a carrier without existing operations in the area who would then be required to create an entirely new service.

The reasoning of the Commission comes within the test laid down in Great Northern Ry. Co., v. United States, 209 F.Supp. 238 (D.Minn.1962), that there be a justifiable and rational basis for determining what significance is to be given any particular factor.

The record discloses that there is substantial evidence to support the Commission's conclusions and that they are not without a rational basis. The Commission acted within its proper discretion in evaluating the plaintiff's suitability for the proposed service on the basis of the relevant criteria.

It is therefore ordered: that the plaintiff's complaint be dismissed.